UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY SMITH,
D/B/A ART ATTACK STUDIOS,

    Plaintiff,

Case No.:

v.

TRANS-SIBERIAN ORCHESTRA,
a Florida corporation, PAUL O'NEILL,
and GREG HILDEBRANDT

    Defendants.

_____/

## COMPLAINT

Plaintiff, Gary Smith d/b/a Art Attack Studios ("Smith"), by and through his attorneys, Macfarlane Ferguson & McMullen, allege as follows:

### JURISDICTION AND VENUE

1. This is an action for: (a) copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, et. seq.; (b) deceptive and unfair trade practices in violation of Florida Statute § 501.204; (c) common law unfair competition, (d) distortion and modification of a visual work of art in violation of The Visual Artists Rights Act of 1990 ("VARA"),17 U.S.C. §106A; and (d) unjust enrichment, all of which activities have occurred in this District and elsewhere in interstate commerce.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Copyright Laws and Laws of the United States. This action also asserts pendent claims under the common law of Florida, which claims are so related to the copyright claims that they form part of the same case and controversy, and hence fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. §§ 1338(b) and 1367.

3. Venue in this action lies in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400(a).

4. This Court has personal jurisdiction over all Defendants, pursuant to Fed. R. Civ. P. Rule 4(k)(1)(A) and Florida Statute §48.193 because (a) the causes of action against the Defendants arise out of tortious acts committed in Florida; (b) all Defendants transacted business within this District through the sale or exchange of infringing products in this District; (c) all Defendants caused injury to property located within the District, where they should reasonably have expected their acts to have consequences, and have derived, or will derive, substantial revenue from interstate or international commerce. Additionally, this court has personal jurisdiction over TSO because they transacted business within this District via the exchange of information between Defendants and website users located in the District.

5. The case or controversy is appropriately heard in the Tampa Division in the Middle District of Florida pursuant to the Middle District Local Rule 1.02(c), as the Tampa Division encompasses the counties having the greatest nexus with the causes of action and claims of the Plaintiff alleged herein. All conditions precedents to the filing and maintenance of these cause of actions have been performed, occurred, or have been waived.

6. Smith holds a valid, federally-issued Certificate of Registration for his copyright in the work at issue and, therefore, has standing to institute this action for infringement pursuant to 17 U.S.C. § 411.

## THE PARTIES

7. Plaintiff Smith, who owned and operated Art Attack Studios, Inc., formally organized and incorporated under the laws of Florida, with offices at 6311 Wardwell St., New Port Richey, FL 34653 is a recognized artist with copyrighted works

8. Upon information and belief, Defendant TSO, is registered as a Florida corporation with its principal place of business and offices at 307 Seventh Avenue, Suite 1999, New York, New York 10001. Trans-Siberian Orchestra is a band that tours around the country and owns and operates the website (www.trans-siberian.com), which sells and distributes products throughout the United States, including Florida and this District.

9. Upon information and belief, Defendant Paul O'Neill ("O'Neill") is the founder,

creator, and owner of Trans-Siberian Orchestra, Inc., with its registered agent as National Corporate Research, Ltd., Inc., 515 East Park Avenue, Tallahassee, Florida 32301.

10. Upon information and belief, Defendant Greg Hildebrandt ("Hildebrandt") is an artist contracted to design artwork for TSO, including duplicating artwork in violation of Smith's Copyright. Hildebrandt's principal place of business is 5 Waterloo Road, Hopatcong, NJ 07843.

## FACTUAL ALLEGATIONS
### The Creation of Rose Guitar

11. At all times material hereto, Smith was and is a well known and respected artist in the Tampa Bay Area of Florida.

12. On or about November 1, 1992, Smith entered into a licensing contract with O'Neill to design and airbrush a white guitar with roses for a single album cover.

13. In accordance with the agreement, Smith created artwork titled Rose Guitar ("Rose Guitar") that was first published in November of 1996.

14. Smith did not relinquish his rights to further use of Rose Guitar, nor did he enter into any agreement where O'Neill could use the image for anything other than the sole album cover contracted. A true and correct copy of the album cover and a picture of Smith drawing the work are attached hereto as Exhibit "A."

15. Smith created and registered the Artwork with the U.S. Copyright Office. A true and correct copy of the Certificate of Registration for U.S. Copyright Registration No. TX 6-873-769 registered on October 21, 2008 for Rose Guitar is attached hereto as Exhibit "B."

16. Smith filed the copyright for Rose Guitar, as a Visual Art, as noted on the registration certificate.

17. The U.S. Copyright office filed the registration as a Text document, not as a work of Visual Art.

18. It is irrelevant whether Rose Guitar was filed as a Text or a work of Visual Art as the designation doesn't specifically matter as long as the work is registered.

## Discovery of the Infringement

19. Smith became aware that TSO continues to use the Rose Guitar he designed for the benefit of the Defendants.

20. Smith discovered that TSO was using Rose Guitar on t-shirts, keychains, headwear, apparel, song books, album covers and assorted musical and concert merchandise.

21. Furthermore, Rose Guitar has been used in other works on TSO's website and is made available for use as a downloadable electronic icon and computerized wallpaper.

22. TSO used Rose Guitar for branding purposes in so much as it is now an instantly recognizable image associated with the band.

23. Without authorization or license from Smith, TSO has continuously produced and marketed, advertised, distributed, offered for sale and sold various items reproducing an image that is identical to Rose Guitar (the "Infringing Products").

24. TSO has directly and indirectly profited and benefited from the use and sale of Rose Guitar.

25. Rose Guitar has also been used by Hildebrandt in additional artwork, further infringing upon Smith's copyright and exclusive ownership of the artwork.

26. Hildebrandt has directly and indirectly profited and benefited from the use and sale of Rose Guitar.

27. Upon learning of the Infringing Products, Noel McDonell ("McDonell"), counsel for Smith, contacted O'Neill and TSO in the form of a cease and desist letter, putting them on formal notice of the infringement. (Attached as Exhibit "C").

28. Counsel for O'Neill and TSO responded on January 14, 2009 requesting a certificate of registration as proof of Smith's copyright. (Attached as Exhibit "D").

29. On January 22, 2009, McDonell sent the attorneys for TSO a valid copy of the certificate of registration. (Attached as Exhibit "E").

30. Despite receiving proof of Smith's copyright of Rose Guitar, TSO and Hildebrandt continue to sell Infringing Products to date.

31. Upon information and belief, TSO and its principal O'Neill are responsible for the manufacture, sale, marketing and distribution of the Infringing Products in this

judicial district and throughout the United States.

32. Upon information and belief, Hildebrandt is also responsible for the design, manufacture, sale, marketing and distribution of the Infringing Products.

33. Upon information and belief, TSO and O'Neill own and operate a website located at *http://www.trans-siberian.com/intro.html* ("Infringing Website"), through which the Infringing Products have been sold to consumers throughout the United States and abroad.

34. Upon information and belief, Defendants' infringement is and continues to be willful, done with knowledge of and/or reckless disregard for Smith's rights in Rose Guitar.

35. On information and belief, unless enjoined by this Court, Defendants will continue to distribute the Infringing Products.

36. Defendants have infringed upon Smith's copyright and rights to Rose Guitar during the three years before this Complaint was filed.

## FIRST CLAIM OF RELIEF
## COPYRIGHT INFRINGEMENT OF ROSE GUITAR

(Against All Defendants)

37. Smith incorporates by reference paragraphs 1-36 of this Complaint by reference as if fully set forth herein.

38. Rose Guitar is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Smith is the sole and exclusive owner of all rights, title and interest in and to the copyrights in Rose Guitar.

39. Without the permission or authorization of Smith, Defendants have continued to reproduce and/or copy the copyrighted Rose Guitar and to promote and offer for sale the Infringing Products, which contain an image that is substantially similar to Rose Guitar.

40. Upon information and belief, Defendants have profited from the sales of the Infringing Products, which contain an image that is substantially similar to Rose Guitar.

41. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, distribute and

otherwise profit from Plaintiff's copyrighted Rose Guitar design.

42. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be to deprive Smith of the rights and benefits granted to him under copyright, including the exclusive right to use, reproduce and exploit the Plaintiff's Copyright and to create derivative works based on the design, and to deprive Smith of the goodwill in his Copyright, and to injure Smith's relations with present and prospective customers.

43. By distributing products incorporating Smith's Rose Guitar design with knowledge of Smith's rights in those designs, Defendants have willfully infringed Smith's copyright in violation of 17 U.S.C. § 501.

44. Smith is entitled to collect actual damages resulting from Defendants' willful use of its Rose Guitar design, and other remedies provided for by law.

45. The defendants' use of Rose Guitar has, and will continue to cause, Smith irreparable harm, leaving Smith with no adequate remedy at law.

## SECOND CLAIM OF RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

46. Smith incorporates by reference paragraphs 1-36 of this Complaint by reference as if fully set forth herein.

47. Defendants willfully committed contributory copyright infringement.

48. Defendants knowingly induced, caused, or materially contributed to other individuals' infringing conduct when it provided individuals with the means, materials, and opportunity to carry out the acts constituting copyright infringement.

49. Defendant, O'Neill, knowingly induced, caused, or materially contributed to other individuals' infringing conduct by way of its role as director, officer and owner of TSO.

50. The means that Defendants provided to other individuals to carry out the acts constituting copyright infringement include the work assignment or the opportunity to design other work based on Smith's artwork, including but not limited to, the use by Greg Hildebrandt in designing works including the copyrighted artwork of Smith.

51. The means and materials that Defendants provided to other individuals to carry out the acts constituting copyright infringement include providing individuals with the image of Rose Guitar and means to produce Infringing Products and other standard

procedures and materials by which Defendant, O'Neill carried out its role as director, officer and owner of TSO, and TSO itself.

52. The opportunity, or forum, that Defendants provided to other individuals to carry out the acts constituting copyright infringement include the work assignment or opportunity, the contract or right to design the Infringing Products, Infringing Image and Infringing Website and other standard processes by which Defendants carried out its role as director, owner or officer of TSO.

## THIRD CLAIM OF RELIEF
## VICARIOUS COPYRIGHT INFRINGEMENT

53. Smith incorporates by reference paragraphs 1-36 of this Complaint by reference as if fully set forth herein.

54. Defendants are liable for vicarious copyright infringement, because it controlled the individuals who designed and produced the Infringing Products, Rose Guitar image, and Infringing Website and financially benefited from their infringing conduct.

55. Defendants controlled the individuals who carried out the design, reproduction and distribution of the Infringing Products, Infringing Images and Infringing Website by way of its role as employer, director, owner, operator and officer.

56. Defendants stood to benefit financially from the individuals who designed and produced the Infringing Products, Rose Guitar image, and Infringing Website by way of its role as employer, director, owner, operator and officer because it received a portion of the purchase price and revenue of the Infringing Products, Rose Guitar image, and Infringing Website. Defendants enjoyed use of the Rose Guitar image to further brand TSO, and used the image as a recognizable icon for its musical band. Defendants also stood to benefit financially from these individuals' infringing conduct because it did not have to render payment to Smith for his permission to use the artwork.

57. Defendants willfully committed vicarious copyright infringement when it failed, through its right and ability to supervise the individuals who designed and produced the Infringing Products, Rose Guitar image, and Infringing Website, to prevent the infringement while maintaining a financial interest in the infringing activities.

58. Defendants' failure to properly supervise the individuals who designed, produced

and distributed the Infringing Products, Rose Guitar image, and Infringing Website is evident by its failure to prevent the production and selling of the Infringing Products, Rose Guitar image, and Infringing Website.

59. By receiving money from the sale of the Infringing Products, Rose Guitar image, and Infringing Website, Defendants had a financial interest in the infringing activities.

## FOURTH CLAIM OF RELIEF
## DECEPTIVE AND UNFAIR TRADE PRACTICES

60. Smith incorporates by reference paragraphs 1-36 of this Complaint by reference as if fully set forth herein.

61. Smith is a "person" under Fla. Stat. § 501.211.

62. Section 501.204(1), Fla. Stat. (2008), declares unconscionable acts or practices in the conduct of any trade or commerce to be unlawful.

63. Defendants infringing activity by manufacturing, advertising, distributing, offering for sale and selling the Infringing Products, Rose Guitar image, and Infringing Website, which are identical or nearly identical to Rose Guitar constitutes deceptive and unfair acts or practices in violation of Fla.Stat. §§ 501.201, et seq.

64. Defendants have committed acts or practices in trade or commerce that shock the conscience, engaged in representations, acts, practices or omissions that are material, and that are likely to mislead consumers acting reasonably under the circumstances; or Defendants have committed acts or practices in trade or commerce which offend established public policy and are unethical, oppressive, unscrupulous or substantially injurious to consumers. Thus, Defendants have engaged in unfair or deceptive acts or practices in the conduct of trade or commerce in violation of section 501.204(1), Fla. Stat. (2008).

65. Further, Defendants employed deceptive and unfair acts and practices in misrepresenting and concealing the true origin and author of Smith's Artwork and have mislead and confused consumers at to the rights, privileges and ability to market and sell the Artwork.

66. Smith has been injured and continues to be injured as a direct and proximate result of Defendants' unfair competition and deceptive and unfair acts, as alleged in this Complaint.

67. Smith's injury is of the type that the Florida Deceptive and Unfair Trade Practices Act was designed to prevent, and Smith's injury flows directly from Defendants' unlawful conduct.

68. Defendants have willfully engaged in the acts and practices when Defendants knew or should have known that said acts and practices were unfair or deceptive or prohibited by law

69. Moreover, customers, clients, distributors and vendors of Defendants (including those within the State of Florida), have received and used products or services (and continue to receive and use products and services) with no knowledge that they are actually using or have possession of Smith's Copyrighted Rose Guitar design.

70. Unless this Court enjoins Defendants from engaging further in the acts and practices described in this complaint, Defendants' continued activities will irreparably injure Smith. There is no adequate remedy at law for the injuries.

## FIFTH CLAIM OF RELIEF
## COMMON LAW UNFAIR COMPETITION

(Against All Defendants)

71. Smith incorporates by reference paragraphs 1-36 of this Complaint by reference as if fully set forth herein.

72. Defendants' acts and practices as above-described have been undertaken with the intention of benefiting from and profiting upon Smith's copyright by using indicia identical to the Rose Guitar.

73. Defendants' use of indicia identical to the Rose Guitar and trading upon the reputation and goodwill associated with the copyright, described above, constitutes an unfair and deceptive act or practice and an unfair method of competition in the conduct of trade or commerce.

74. Upon information and belief, Defendants will make a profit as the direct result of their above-described actions, which were undertaken with malice towards Smith, and/or in wanton, willful and reckless disregard of Smith's rights. As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, Smith has been and is likely to be substantially injured in its business, including its reputation, resulting in lost revenue and profits, and diminished goodwill and reputation.

75. By reason of the above-described acts, Defendants have engaged in unfair competition under and pursuant to the laws of the State of Florida and have caused irreparable injury to Smith.

## SIXTH CLAIM OF RELIEF- VARA

76. Smith incorporates by reference paragraphs 1-36 of this Complaint by reference as if fully set forth herein.

77. Smith has the right to prevent any intentional distortion, mutilation, or other modification of Rose Guitar which would be prejudicial to his honor or reputation, and any intentional distortion, mutilation, or modification of Rose Guitar is a violation of that right.

78. In violation of 17 U.S.C. §106A, The Visual Artists Rights Act of 1990("VARA"), Defendants have compromised the integrity of Rose Guitar by using it in a variety of in appropriate ways, including but not limited to, inserting it in snow globes, mixing it with other designs of art to dilute its impact, modifying and distorting the image on album covers, and other acts that will be determined during the course of discovery.

79. The aforementioned acts have harmed the integrity of Rose Guitar, and Smith's reputation as its artist.

80. Smith has the right to enjoin Defendants from modifying and distorting Rose Guitar, whether through use in snow globes, on album covers, or and any other method that dilutes its integrity, and is entitled to damages for the damage to his reputation as the artist.

## SEVENTH CLAIM OF RELIEF

## UNJUST ENRICHMENT

81. Smith incorporates by reference paragraphs 1-36 of this Complaint by reference as if fully set forth herein.

82. Smith has conferred a benefit upon Defendants, who has knowledge thereof.

83. Defendants voluntarily accepted and retained the benefit conferred.

84. The circumstances render Defendants' retention of the benefit inequitable unless

Defendants pay to Smith the value of the benefit.

85. Defendants have been unjustly enriched at the expense of Smith.

86. Smith is entitled to damages as a result of Defendants' unjust enrichment.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gary Smith prays that:

A. Defendants, their agents, servants, employees and attorneys and all other persons in active conceit or participation with them, be preliminarily and permanently enjoined and restrained from manufacturing, importing, selling, offering for sale, distributing, advertising or promoting any goods which use any indicia, words or symbols that so resemble Smith's Rose Guitar design as to be likely to cause confusion, mistake, or deception on or in connection with any product that is not authorized by or for Smith, including without limitation any product that uses Smith's Rose Guitar design as described in this Complaint and as illustrated in any exhibit to the Complaint;

B. Defendants, their agents, servants, employees and attorneys and all other persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from or continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

C. This Court find that Defendants have knowledge of Gary Smith's ownership of the Copyrighted work and that therefore, Defendants' actions constitute willful copyright infringement;

D. Defendants be required to pay to Gary Smith actual and/or (where available) statutory damages for Defendants' willful copyright infringement in an amount to be determined at trial;

E. Defendants be required to account for and pay to Gary Smith all gains, profits, and advantages wrongfully derived by Defendants through their distribution and sale of the

Infringing Products;

F. Defendants be required to provide documents sufficient to establish when each item of Infringing Product was manufactured and/or made available for sale by any defendant between November of 1996 and the present;

G. Defendants, its agents, employees and representatives and all other persons in active concert or privity or in participation with them, be enjoined to return to Smith any originals, copies, facsimiles or duplicates of Rose Guitar in their possession, custody or control;

H. Defendants be enjoined or required to recall, remove, and return from commercial distribution and/or public display of, from all of its customers, distributors, wholesalers, jobbers, dealers, retailers the Infringing Products, and infringing images and distributors and all others known to Defendants any originals, copies, facsimiles or duplicates of any works shown by the evidence to infringe Smith's copyright, including the removal of the Rose Guitar design from the Infringing Website being operated by the Defendants;

I. Defendants be required to pay Gary Smith's reasonable attorney's fees and disbursements incurred herein, including costs;

J. Gary Smith recover prejudgment interest from Defendants; and

K. Gary Smith have such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff Gary Smith demands a jury for all issues triable to a jury.

Respectfully submitted,

DATED: May __, 2009

By _____
NOEL P. MCDONELL
Florida Bar No. 0899232
MACFARLANE FERGUSON & MCMULLEN
Post Office Box 1531
Tampa, Florida 33601
Telephone (813) 273-4330
Fax (813) 273-4396

*Attorney for Plaintiff*
*Gary Smith, d/b/a Art Attacks Studio*