## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GARY SMITH, d/b/a
ART ATTACK STUDIOS,

    Plaintiff,

vs.

TRANS-SIBERIAN ORCHESTRA,
a Florida corporation, PAUL O'NEILL, and
GREG HILDEBRANDT,

    Defendants.

_____/

Case No.: 09-cv-01013-VMC-EAJ

## DEFENDANT GREG HILDEBRANDT'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION
## AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, defendant Greg

Hildebrandt ("Hildebrandt" or "Defendant"), by his attorneys Thomas, LoCicero & Bralow LP

and Moses & Singer LLP, respectfully moves to dismiss the Complaint of Plaintiff Gary Smith

d/b/a Art Attack Studios ("Smith" or "Plaintiff"), dated May 28, 2009, for lack of personal

jurisdiction.  For the reasons stated below in the Memorandum of Law and in the accompanying

Declaration of Greg Hildebrandt in Support of Motion to Dismiss ("Hildebrandt Decl."), this

Court lacks personal jurisdiction over Hildebrandt.

## MEMORANDUM OF LAW

### I.
### PRELIMINARY STATEMENT

Plaintiff brings this action against Hildebrandt and defendants Paul O'Neill ("O'Neill")

and Trans-Siberian Orchestra ("TSO") for alleged copyright infringement, deceptive and unfair

trade practices, common law unfair competition, violation of the Visual Artists Rights Act of 1990, and unjust enrichment. (Compl., ¶ 1). The Complaint, however, fails to allege facts establishing that the Court has personal jurisdiction over Hildebrandt sufficient to satisfy either Florida's long-arm statute, Fla. Stat. § 48.193, or the due process requirements of the Constitution. Therefore, the Court should grant Hildebrandt's motion and dismiss the Complaint as against him with prejudice.

Plaintiff does not allege *facts* above the speculative level which demonstrate that the exercise of personal jurisdiction over Hildebrandt is proper. The gravamen of Plaintiff's claims relating to Hildebrandt is that TSO and O'Neill gave Hildebrandt a "work assignment or the opportunity to design ... works including the copyrighted artwork of Smith." (Compl., ¶ 50; also ¶ 25). But other than pleading a formulaic recitation of the elements of Florida's long-arm statute, Plaintiff does not provide any factual allegations to support personal jurisdiction over Hildebrandt.

By conflating Hildebrandt with TSO and O'Neill (i.e., by using the term "Defendants" (plural) throughout the Complaint), Plaintiff attempts to create proper jurisdiction over Hildebrandt when none exists. Plaintiff baldly alleges tortious acts in Florida, business transactions in Florida, and injury to property located in Florida; but these allegations simply do not apply to Hildebrandt.

Other allegations in the Complaint do not support conflating all three Defendants for jurisdictional purposes. Plaintiff does not allege that Hildebrandt "duplicate[ed] artwork in violation of Smith's Copyright" in Florida. (Compl., ¶ 10; also ¶ 39, concerning copying the work at issue and promoting and offering for sale allegedly infringing products featuring the design at issue, but failing to allege that such acts occurred in or were directed to Florida). Rather, Plaintiff alleges that TSO (not Hildebrandt) is using the purported copyrighted work at

issue ("Rose Guitar"), and that TSO and O'Neill (not Hildebrandt) control the manufacture, sale, marketing and distribution of allegedly infringing products featuring Rose Guitar. (Id. at ¶¶ 19-25, 31, 33). Moreover, the Complaint admits that Hildebrandt's principal place of business is in New Jersey. (Id. at ¶ 10; accord Hildebrandt Decl., ¶ 4.b). Plaintiff does not allege that TSO and O'Neill commissioned Hildebrandt's art in Florida, or that such art was created in Florida. In sum, Plaintiff has not, and cannot, sufficiently allege personal jurisdiction over Hildebrandt.

Even if the pleadings were sufficient, the Hildebrandt Declaration conclusively refutes any possibility that the Court has personal jurisdiction. Any of the artwork Hildebrandt created that is at issue was created in New Jersey. (Hildebrandt Decl., ¶ 5). Hildebrandt is not involved in the design, manufacture, distribution or sale of TSO's merchandise featuring his art. (Id. at ¶ 6). He does not sell his art directly to consumers. (Id. at ¶ 7). Rather, a New Jersey domestic for-profit corporation called Spiderwebart Gallery, Inc. ("Spiderwebart") sells and licenses Hildebrandt's artwork and other artists' pieces. (Id.). These sales and licenses are made from New Jersey through Spiderwebart's website (http://www.spiderwebart.com/), e-Bay, various personal appearances at shows and one other gallery located in California. (Id.). Spiderwebart has only made approximately 16 sales (for all of its represented artists combined) per year to Florida residents. (Id.). Significantly, of the approximately 5,000 pieces of art, books and collectibles for sale on the website, not a single sale to Florida residents ever involved the works at issue in this lawsuit. (Id.). Any royalties Hildebrandt receives relating to sales of merchandise featuring the artwork at issue he receives indirectly through Spiderwebart. (Id. at ¶ 8).

Plaintiff's "information and belief" that Hildebrandt controls the design, manufacture, sale, marketing and distribution of allegedly infringing products featuring Rose Guitar is simply incorrect. (Compl., ¶ 32; Hildebrandt Decl., ¶ 6). Hildebrandt has virtually no contacts with the state of Florida. (Hildebrandt Decl., ¶¶ 4-5, 7). He is a resident of New Jersey. (Id. at ¶ 4.a).

His principal place of business is in New Jersey. (<u>Id.</u> at ¶ 4.b). In his entire life, he has only twice set foot within Florida, and even those two visits were for purposes unrelated to the art at issue in this case. (<u>Id.</u> at ¶ 4.c). Hildebrandt does not own or lease any property located in Florida; have a personal address or telephone number in Florida or have any personal bank accounts in Florida. (<u>Id.</u> at ¶ 4.d). He has never paid taxes in Florida; filed a lawsuit in Florida; been licensed to do business in Florida; had any employees, representatives, or agents in Florida (except for local counsel in this action); had a parent/joint venture or other relationship with enterprises in Florida; had any investments in Florida businesses; warehoused or stored inventory or supplies in Florida; solicited business via television or radio advertisements within Florida; or purchased advertising space in any Florida newspaper. (<u>Id.</u> at ¶ 4.e).

Thus, Florida's long-arm statute does not reach Hildebrandt, and if it did, constitutional due process requirements are not satisfied.

## II.
## ARGUMENT

### A.  <u>Legal Standard</u>

1.  <u>Pleading Standard</u>

The Eleventh Circuit in <u>Wilchombe v. Teevee Toons, Inc.</u>, 555 F.3d 949, 958 (11th Cir. 2009) (affirming the District Court's dismissal of plaintiff's state law claim supplemental to his copyright claim), recently stated the pleading required by the Federal Rules of Civil Procedure:

> In keeping with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint give only a "short and plain statement of the claim," a complaint need not provide detailed factual allegations. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1965. A plaintiff must provide enough factual allegations, which are assumed to be true, "to raise a right to relief above the speculative level." <u>Id.</u> at 1965; <u>see also</u> <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1263 (11th Cir.2004) (plaintiffs must allege specific factual bases for their legal conclusions to avoid dismissal of their

claims). Moreover, the facts supporting the claim must be "consistent with the allegations in the complaint." Twombly, 127 S.Ct. at 1969.

Mere speculation does not amount to a short and plain statement under Rule 8(a) of the Federal Rules of Civil Procedure. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (conclusory allegations were insufficient to satisfy notice pleading standard). See also United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269-71 (11th Cir. 2009) (holding plaintiff must allege facts sufficient to maintain claims, not merely recite the required elements of claims; also holding that the district court lacked personal jurisdiction over non-resident defendant). The factual allegations must support the elements of the claim. Wilchombe, 555 F.3d at 959. Although the Court may "liberally construe" the Complaint, the Court may not "re-write it" for Plaintiff. Id. at 960.

2.   Personal Jurisdiction

This Court recently stated the legal standard on a motion to dismiss for lack of personal jurisdiction in Waterproof Gear, Inc. v. Leisure Pro, Ltd., No. 08 CIV 2191, 2009 WL 1066249, at *2 (M.D. Fla. Apr. 20, 2009):

> In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." S & Davis Intern., Inc. v. The Republic of Yemen, 218 F.3d 1292, 1303 (11th Cir. 2000). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier ex rel. Meier v. Sun Intern. Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir.2002).
>
> ***
>
> "The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts." Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F.2d 829, 855 (11th Cir. 1990). The first step is to determine "whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007). If so, the Court then

determines "whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment." Id. This second element "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'" Id. (quoting Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996)).

See also this Court's decisions, adopting magistrate recommendations and reports, in Washington v. Fla. Dep't of Children and Families, 595 F.Supp.2d 1291, 1300, 1302 (M.D. Fla. 2009) (agreeing with magistrate that the Court lacked personal jurisdiction because all of the harms plaintiffs alleged as a result of defendants' tortious conduct occurred in Ohio, and defendants did not have sufficient minimum contacts with Florida to comply with due process requirements); Washington v. Florida Dep't of Children and Families, No. 08 CIV 48, 2008 WL 4683218, at *6, 8-9 (M.D. Fla. Oct. 22, 2008) (same).

The Court also is respectfully directed to the following cases, cited infra, finding dismissal appropriate for lack of personal jurisdiction: Madera v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (although long-arm statute satisfied, defendant did not have sufficient contacts with forum); N. Am. Med. Corp. v. Axiom Worldwide, Inc., No. 06 CIV 1678, 2009 WL 1035248, at *2 (N.D. Ga. Apr. 9, 2009) (due process not satisfied because defendant's minimum contacts with state were not related to and did not give rise to plaintiff's claims, defendant did not purposefully avail himself of privileges of conducting activities in state, and defendant's conduct was not "expressly aimed" at plaintiff in forum); Rubber Res., Ltd., v. Press, No. 08 CIV 1730, 2009 WL 211556, at *3 (M.D. Fla. Jan. 27, 2009) (plaintiff did not meet burden of demonstrating that Florida's long-arm statute was satisfied because suffering damage in Florida was insufficient to find that alleged intentional torts were committed in Florida, and defendant's contact with Florida was not a "substantial" or "essential" aspect of the alleged tort); Homes Design Servs., Inc. v. Banyan Constr. and Dev., Inc., No. 07 CIV 5, 2007 WL 1752435, at *2 (M.D. Fla. June 15, 2007) (Florida's long-arm statute not satisfied in copyright infringement

action; complaint was devoid of any allegation that foreign defendants committed a tortious act in Florida, that the claim arose out of foreign defendants' business activities in Florida, or that foreign defendants engaged in substantial activity in Florida to establish general jurisdiction); Instabook Corp. v. Instantpublisher.com, 469 F. Supp. 2d 1120, 1122 (M.D. Fla. 2006) (due process requirements not satisfied because defendant could not reasonably anticipate being haled into court in Florida based on its operation of interactive website accessible in Florida and its sales to two Florida residents; there was no indication of targeting or solicitation of Florida residents); Lauzon v. Joseph Ribkoff, Inc., 77 F. Supp. 2d 1250, 1252-55 (S.D. Fla. 1999) (in copyright infringement action, that defendant shipped some of the goods it manufactured to Florida and that the photograph at issue was taken in Florida was "woefully inadequate" to subject defendant to the jurisdiction of a Florida court); L.O.T.I. Group Prods. v. Lund, 907 F. Supp. 1528, 1530-31 (S.D. Fla. 1995) (in action based on alleged improper copyright identifications on video cassettes, Florida's long-arm statute not satisfied; defendant did not conduct business in Florida, a substantial portion of any tort was not committed in Florida, and there was no injury in Florida); and Structural Panels, Inc. v. Texas Aluminum Industries, Inc., 814 F. Supp. 1058, 1063-64 (M.D. Fla. 1993) (no general or specific jurisdiction under Florida long-arm statute or due process requirements).

Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over Defendant, sufficient to withstand a motion to dismiss. Rubber Res., 2009 WL 211556, at *3, citing Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). The burden is upon Plaintiff *to prove* jurisdiction by affidavits, testimony or documents because the Hildebrandt Decl. refutes Plaintiff's bald allegations in the Complaint. L.O.T.I. Group Prods. v. Lund, 907 F. Supp. at, 1530-31 (S.D.), citing Jet Charter Serv. Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1990). Plaintiff may not merely rely upon the factual

allegations in the Complaint. <u>Structural Panels, Inc. v. Texas Aluminum Indus., Inc.</u>, 814 F. Supp. 1058, 1064 (M.D. Fla. 1993). Nor is a self-serving affidavit filed by Plaintiff in opposition sufficient. <u>Lauzon</u>, 77 F. Supp. 2d at 1254.

**B.    Plaintiff's Pleading Concerning Personal Jurisdiction is Insufficient**

The Complaint lacks allegations of *facts* supporting the exercise of personal jurisdiction over Hildebrandt. Although Plaintiff offers a formulaic recitation of Florida's long-arm statute (Compl., ¶ 4), there is a dearth of facts sufficient to infer that Hildebrandt is properly subject to this or any Florida court's personal jurisdiction. Plaintiff's claim relating to Hildebrandt is essentially that TSO commissioned Hildebrandt to create art, and the resulting product copied, in part, Rose Guitar. (Compl., ¶¶ 25, 50). However, Plaintiff does not provide <u>any</u> other facts specific to Hildebrandt, or <u>any</u> fact indicating that Hildebrandt's acts are related to the forum state.

Instead, Plaintiff only pleads "upon information and belief" that Hildebrandt is "also [along with TSO and O'Neill] responsible for the design, manufacture, sale, marketing and distribution of" the merchandise at issue. (Compl., ¶ 32), but does not allege that Hildebrandt has any control over the business operations of TSO, or the so-called "Infringing Website" (Compl., ¶ 33). Other than lumping Hildebrandt with TSO and O'Neill by using the term "Defendant<u>s</u>" (plural) throughout the Complaint, there are no other facts alleged relating to Hildebrandt.

Hildebrandt has refuted these conclusory allegations in the Hildebrandt Declaration. (Hildebrandt Decl., ¶¶ 4-8). Under <u>Twombly</u> and its progeny in the Eleventh Circuit, the Complaint must fail as against Hildebrandt.

## C.   Florida's Long-Arm Statute Does Not Reach Hildebrandt

"There are two types of personal jurisdiction: general and specific. General jurisdiction arises as a result of a party's substantial or 'continuous and systematic' contacts with the forum state that are unrelated to the litigation. Specific jurisdiction, on the other hand, is exercised when the suit arises out of or is related to a party's single or isolated contacts with the forum." Lauzon, 77 F. Supp. 2d at 1253 (internal citations omitted). The standard for general jurisdiction "is considerably more stringent." Id. The Court has neither general nor specific jurisdiction over Hildebrandt.

Although the Complaint does not identify those specific provisions of Florida's long-arm statute upon which personal jurisdiction over Hildebrandt is allegedly premised, it appears that Plaintiff relies on subparagraphs (1)(a), (1)(b), and (1)(f) of Florida's long-arm statute, Fla. Stat. § 48.193. (Compl., ¶ 4). Those provisions provide:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.
>
> ***
>
> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> 1. The defendant was engaged in solicitation or service activities within this state; or
>
> 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or

consumed within this state in the ordinary course of commerce, trade, or use.

None of these provisions are satisfied by Plaintiff's bare-bones allegations in the Complaint. Plaintiff's allegations are not specific to Hildebrandt, individually, and do not support Plaintiff's bald assertion that Hildebrandt, rather than "Defendants" (plural): (i) operated, conducted, engaged in, or carried on business in Florida; (ii) committed a tortious act in Florida; or (iii) caused injury to property in Florida arising out of Hildebrandt's acts in New Jersey, with Hildebrandt also engaging in solicitation of service activities in Florida or the use or consumption of Hildebrandt's artwork in Florida. Moreover, any allegations Plaintiff may rely upon in opposition to this are refuted by the Hildebrandt Declaration. (See Hildebrandt Decl., ¶¶ 4-8).

Hildebrandt has virtually no contacts to Florida, and certainly none that relate to the Complaint. He resides in and works in New Jersey. (Hildebrandt Decl., ¶ 4.a). His artwork at issue was created in New Jersey. (Id. at ¶ 5). He has no involvement with or control over TSO's distribution of the allegedly infringing works, or TSO's distribution of artwork in general. (Id. at ¶ 6). He has only been to Florida twice, and both trips were unrelated to the artwork at issue in this case. (Id. at ¶ 4.c).

1.    The Court Lacks Specific Jurisdiction Over Hildebrandt

"In order for § 48.193(1)(b) to apply, 'the plaintiff must demonstrate that the non-resident defendant committed a substantial aspect of the alleged tort in Florida by establishing that the activities in Florida were essential to the success of the tort.'" Rubber Res., 2009 WL 211556 at * 4, quoting Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 857 (11th Cir. 1990). The fact that a party suffers damage in Florida is not sufficient to find that intentional torts were committed in Florida. Id. Rather, for personal jurisdiction to attach under the tortious activity provision of the Florida long-arm statute, Plaintiff must demonstrate that Hildebrandt – a

non-resident defendant – committed a "substantial" aspect of the alleged tort in Florida by establishing that the activities in Florida were "essential" to the success of the tort. See id., citing Cable/Home Commc'n Corp., 902 F.2d at 857. See also L.O.T.I. Group Prods., 907 F. Supp. at 1532.

Plaintiff cannot meet this burden. Plaintiff has not and cannot identify substantial tortious acts by Hildebrandt in Florida essential to Plaintiff's causes of action. Plaintiff has not and cannot establish that his claims arise out of Hildebrandt's activities in Florida – because there are no such relevant activities. Homes Design Servs., Inc., 2007 WL 1752435 at *3 (complaint was devoid of any allegation establishing that foreign defendants committed a tortious act in Florida or that the claims arose out of the foreign defendants' business activities in Florida). Hildebrandt created the art at issue in New Jersey after TSO (headquartered in New York) commissioned him. (Hildebrandt Decl., ¶ 5). Hildebrandt has no control whatsoever over TSO's business decisions, contracts, or company management. (Id. at ¶ 6). See L.O.T.I. Group Prods., 907 F. Supp. at 1532. The Complaint does not allege, and Plaintiff cannot demonstrate, that Hildebrandt (individually) committed a substantial portion of any tort in the state of Florida, or that Hildebrandt's acts (individually) caused harm within Florida. Id.

Regarding subparagraph (f) of the long-arm statute, even if Plaintiff could establish that he suffered injury in Florida (he cannot), such injury would not have been caused by an act or omission while Hildebrandt was soliciting activities or while his products were being used within Florida in the ordinary course of commerce, trade, or use. Id. at Supp. at 1533. Hildebrandt personally does not engage in solicitation activities or control the artwork TSO exploits or the distribution of TSO's products and services. (Hildebrandt Decl., ¶ 6). This section of Florida's long arm statute does not permit jurisdiction over nonresidents for acts arising outside the state

which cause financial injury within the state, in the absence of personal injury or property damage. Structural Panels, Inc., 814 F. Supp. at 1065.

> 2.    The Court Lacks General Jurisdiction Over Hildebrandt

Hildebrandt does not have continuous and systematic contacts with Florida. (Hildebrandt Decl., ¶¶ 4-8). See Homes Design Servs., Inc., 2007 WL 1752435 at *3. Lauzon, supra, is instructive. There, a photographer sued a catalog publisher for copyright infringement based on defendant's allegedly unauthorized use of photographs taken by plaintiff. The complaint alleged that the use went beyond the scope of the limited usage rights that had been purchased from plaintiff by defendant allowing the photographs to be used in a certain catalogue and being posted on the internet and other places not contained in the limited usage agreement. 77 F. Supp. 2d at 1252. Regarding jurisdiction, plaintiff's complaint made only one allegation: that at all material times defendant was a foreign corporation doing business in Florida. Id. The uncontroverted evidence, however, showed that defendant was a foreign corporation, not licensed or otherwise authorized to do business in Florida, that its goods were manufactured outside the United States and re-sold by wholly independent contractors, that it never directly sold its products in Florida, did not operate, conduct, engage in, or carry on, a business venture within Florida, had no office or agency in Florida, and had no officers, affiliates, employees or agents in Florida. Id. at. The Court held:

> [a]t best Plaintiff has established that Defendant ships some of the goods it manufactures to Florida and that the photograph at issue was taken in Florida. These 'facts' are woefully inadequate to subject Defendant to the jurisdiction of this Florida Court. Furthermore there is no evidence from which one could conclude that Defendant, at the time the goods were shipped or the photograph taken, could have contemplated that it would later be necessary to defend itself in another forum. On these facts no jurisdiction lies. Id. at 1255

Similarly here, the mere sale in Florida of unrelated artwork is insufficient. (Hildebrandt Decl., ¶ 7). See also Madera, 916 F.2d at 1516, n.7 (the court would not exercise personal jurisdiction over a nonresident defendant whose "presence" within the jurisdiction was based on concerts and record sales unrelated to the cause of action); L.O.T.I. Group Prods., 907 F. Supp. at 1531, n.5 (the sale of defendant's books and videotape by distributors and third-party publishers was insufficient to permit the exercise of general jurisdiction on an unrelated cause of action). Hildebrandt and his company Spiderwebart do virtually no business in Florida. (Hildebrandt Decl., ¶ 7). Any exploitation of the artwork at issue in Florida was not done under Hildebrandt's direction or control. (Hildebrandt Decl., ¶ 6).

**D.    Exercising Jurisdiction over Hildebrandt Would Violate the Due Process Clause of the Fourteenth Amendment**

If the Court finds that the exercise of personal jurisdiction over Hildebrandt is inappropriate under Florida's long-arm statute, the Court need not consider whether sufficient minimum contacts exist between Hildebrandt and Florida so as to satisfy due process requirements. Homes Design Servs., Inc., 2007 WL 1752435 at *4. If, however, there were a sufficient basis for personal jurisdiction under the Florida long-arm statute (there is not), Plaintiff has failed to allege facts showing that Hildebrandt has the requisite minimum contacts with Florida. Rubber Res., 2009 WL 211556 at * 5, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S. Ct. 2174 (1985). See also Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1219-24 (11th Cir. 2009).

"The constitutional touchstone is foreseeability." Lauzon, 77 F. Supp. 2d at 1255, citing Burger King Corp., 471 U.S. at 474. The due process clause requires that Hildebrandt have "fair warning" that a particular activity may subject him to the jurisdiction of the forum. L.O.T.I. Group Prods., 907 F. Supp. at 1533.

To constitute minimum contacts, Hildebrandt's contact must: (1) be related to Plaintiff's cause of action or have given rise to it; (2) involve some act by which Hildebrandt purposefully availed himself of the privilege of conducting activities within Florida; and (3) be such that Hildebrandt should have reasonably anticipated being haled into court in Florida. Id., citing McGow v. McCurry, 412 F.3d 1207, 1214 (11th Cir. 2005).[1] In assessing Hildebrandt's contacts with Florida, the Court should examine the "quality and nature" of Hildebrandt's activities in Florida; merely random, fortuitous, or attenuated contacts are insufficient. Cable/Home Commc'n Corp., 908 F.2d at 855, citing Cable/Home Commc'n Corp., 908 F.2d at 858; and Burger King Corp., 471 U.S. at 486. If sufficient contacts exist (they do not), the Court must also evaluate whether the exercise of jurisdiction would satisfy "traditional notions of fair play and substantial justice." Id., citing Sloss Indus. Corp., 488 F.3d at 925. See also L.O.T.I. Group Prods., 907 F. Supp. at 1533.

1.     Hildebrandt Does Not Have Minimum Contacts with Florida

There is simply not a sufficient constitutional basis to hale Hildebrandt into a remote forum (i.e., Florida). Hildebrandt has virtually no contacts with Florida, let alone contacts (i) related to Plaintiff's cause of action; (ii) such that Hildebrandt has purposefully availed himself of the privileges of conducting activities in Florida; or (iii) that would permit Hildebrandt to reasonably anticipate being haled into a Florida court. See Madera, 916 F.2d at 1517-19; N. Am. Med. Corp., 2009 WL 1035248 at *4 (noting that "the unilateral acts of a third party are insufficient to allow a Court to exercise personal jurisdiction over [defendant]."); Instabook Corp., 469 F. Supp. 2d at 1126-27 (allegations upon information and belief that two Florida residents published books through foreign defendant were insufficient); Lauzon, 77 F. Supp. 2d

---

[1]     The mere proof of any one of the several circumstances enumerated in Florida's long-arm statute as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts. L.O.T.I. Group Prods., 907 F. Supp. at 1533.

at 1255 ("Whether Plaintiff wishes to rely on the fact some of Defendant's goods made their way

into Florida or the fact the photographs in dispute were taken here in Florida, these contacts do

not constitute sufficient 'minimum contacts' with Florida to satisfy due process requirements.").

Any contact Hildebrandt has had with Florida is random, fortuitous, or attenuated. He

designed artwork in New Jersey for distribution of merchandise by others over which he has no

control. (Hildebrandt Decl., ¶¶ 5-6). Even if Hildebrandt potentially could have foreseen that

the TSO merechandise would find its way into Florida, such foresight is insufficient. Id.; N. Am.

Med. Corp., 2009 WL 1035248 at *5, citing World-Wide Volkswagen Corp. v. Woodson, 444

U.S. 286, 295, 100 S. Ct. 559, 566 (1980) ("[F]oreseeability alone has never been a sufficient

benchmark for personal jurisdiction under the Due Process Clause."). Hildebrandt has only

physically been to Florida twice in his life, for unrelated purposes. (Hildebrandt Decl., ¶ 4.c).

Annual sales of his artwork to Florida residents through Spiderwebart are sparse, and none were

sales of the artwork at issue. (Id. at ¶ 7). Hildebrandt could not reasonably anticipate being

haled into court in Florida. See Madera, 916 F.2d at 1519.

Nor is the "effects test" developed in Calder v. Jones, 465 U.S. 783, 787, 104 S. Ct. 1482,

1486 (1984), triggered. In order to establish personal jurisdiction under Calder, Plaintiff must

show that Hildebrandt committed an intentional tort, that he "expressly aimed" this tort at

Plaintiff in Florida, and the effects of the tort were suffered in Florida. Licciardello v. Lovelady,

544 F.3d 1280, 1285-88 (11th Cir. 2008); Rhodes v. Unisys Corp., 170 Fed. Appx. 681, 684

(11th Cir. 2006). The Complaint does not allege, and Plaintiff cannot establish, that

Hildebrandt's creation of artwork incorporating a guitar with roses was "expressly aimed" at

Plaintiff in Florida, or that Hildebrandt knew his art would be used to allegedly cause injury to

Plaintiff in Florida. "To satisfy Calder Plaintiff must show something more than that it suffered

a financial loss at its principal place of business" in Florida as a result of Hildebrandt's out-of-state activities. N. Am. Med. Corp., 2009 WL 1035248 at *6.

    2.    The Exercise of Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice

Determining whether "traditional notions of fair play and substantial justice" permit the Court to exercise jurisdiction over Hildebrandt is the final step. "While this determination is based on equitable considerations and conducted separately from the minimum contacts analysis, a particularly weighty finding under one branch of the analysis can compensate for a weaker finding on the other branch." L.O.T.I. Group Prods., 907 F. Supp. at 1534, citing Asahi Metal Indus. Co. v. Super Ct. of Cal., 480 U.S. 102, 114, 107 S. Ct. 1026, 1033 (1987).

Because Hildebrandt does not have even minimum contacts with Florida, the Court should find that it would offend traditional notions of fair play and substantial justice "to hale into this jurisdiction a party who could not and did not have fair warning" that he would be subject to the jurisdiction of this Court. L.O.T.I. Group Prods., 907 F. Supp. at 1534. It would not comport with traditional notions of fair play and substantial justice to exercise jurisdiction over a defendant with merely fortuitous, random contacts with Florida. Id. Also, the burden on Hildebrandt of defending this suit in Florida, when he resides in New Jersey, would be more than minimal. Madera, 916 F.2d at 1519.

### III.
### CONCLUSION

For the foregoing reasons and those stated in the Hildebrandt Declaration, Hildebrandt respectfully requests that the Court dismiss the Complaint as to Hildebrandt with prejudice.

Dated: July 13, 2009
     New York, New York

                  Respectfully submitted,


                  THOMAS & LOCICERO PL

                  /s/ James J. McGuire
                  Carol Jean LoCicero
                    Florida Bar No. 0603030
                  James J. McGuire
                    Florida Bar No. 0187798
                  400 N. Ashley Drive, Suite 1100
                  Tampa, FL 33602
                  Tel: (813) 984-3060
                  Fax: (813) 984-3070
                  colocicero@tlolawfirm.com
                  jmcguire@tlolawfirm.com

                  and

                  Paul M. Fakler
                    New York Bar No. 2940435
                  Ross J. Charap
                    New York Bar No. 1117381
                  MOSES & SINGER LLP
                  The Chrysler Building, 405 Lexington Avenue
                  New York, NY 10174-1299
                  Telephone: (212) 554-7800
                  Facsimile: (212) 554-7700
                  pfakler@mosessinger.com
                  rcharap@mosessinger.com

                  Attorneys for Defendants

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing is being electronically filed and will be furnished via CM/ECF on this 13th day of July, 2009, to:

Noel P. McDonnell, Esq.
Florida Bar No. 0899232
MCFARLANE FERGUSON & MCMULLEN
P.O. Box 1531
Tampa, FL 33601
Telephone (813) 273-4330
Facsimile (813) 273-4396
Email: NPM@macfar.com

Attorney for Plaintiff

/s/ James J. McGuire
Attorney