IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY SMITH, d/b/a
ART ATTACK STUDIOS,

   Plaintiff,

vs.

TRANS-SIBERIAN ORCHESTRA,
a Florida corporation, PAUL O'NEILL, and
GREG HILDEBRANDT,

   Defendants.

                                       /

Case No.: 09-cv-01013-VMC-EAJ

## DEFENDANT GREG HILDEBRANDT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In his motion papers, Defendant Greg Hildebrandt ("Hildebrandt") submitted sworn testimony establishing that he had practically no contacts with the State of Florida, and cited ample legal precedent supporting his argument that Plaintiff Gary Smith ("Smith") could not establish either specific or general jurisdiction under the Florida long-arm statute or the Due Process Clause of the Constitution. In opposition, Smith failed to rebut any of Hildebrandt's testimony or otherwise offer *any* testimony or evidence supporting jurisdiction. On that ground alone, Hildebrandt's motion should be granted. Instead, Smith offers only his counsel's mischaracterization of Hildebrandt's testimony, that counsel's speculation as to what the facts might be, and legal argument based upon two inapposite cases. Smith's opposition is insufficient to establish the Court's personal jurisdiction over Hildebrandt.

### I.
### SMITH HAS FAILED TO SUBMIT ANY EVIDENCE SUPPORTING JURISDICTION

Hildebrandt has testified to specific facts, establishing that he has had almost no contacts

with the State of Florida, and that he has had no involvement whatsoever with the design, manufacture, distribution or sale of any merchandise featuring his artwork. (Hildebrandt Decl. ¶¶ 4-8). With respect to any merchandise relating to the band Trans-Siberian Orchestra ("TSO"), Hildebrandt was commissioned on only three occasions to create artwork for TSO featuring guitars and roses, and the last such time was in 2005. (Hildebrandt Decl. ¶ 3).

The facts set forth in the Hildebrandt Declaration clearly prove that Hildebrandt is not subject to personal jurisdiction in Florida. Thus, as established in Hildebrandt's moving brief, the burden shifted to Smith to affirmatively prove jurisdiction by affidavits, testimony or documents, without reliance on the unsworn allegations of the Complaint. *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986); *L.O.T.I. Group Prods. v. Lund*, 907 F. Supp. 1528, 1530-31 (S.D. Fla. 1995); *Zodiac Enters, Ltd. v. Jones*, 707 So.2d 890, 891 (Fla. App. 1998); *Sims v. Sutton*, 451 So.2d 931 (Fla. App. 1984). Despite notice of this burden, Smith has failed to introduce *any* evidence supporting jurisdiction and therefore cannot meet his burden in opposition.

## II.
## SMITH CANNOT ESTABLISH GENERAL JURISDICTION

In his motion papers, Hildebrandt established that he is subject to neither general nor specific jurisdiction under the Florida long-arm statute. (Moving Mem. at 8-12). In his opposition, Smith has abandoned any claim to specific jurisdiction and bases his claim solely on the general jurisdiction provision of Fla. Stat. §48.193(2). (Opp. Mem. at 3-4). Smith cannot hope to meet the high standard for general jurisdiction, which requires that Smith prove that Hildebrandt "is engaged in substantial and not isolated activity within this state. . .." Fla. Stat. §48.193(2). As noted above, Hildebrandt's testimony establishes that he is not engaged in any substantial or ongoing activity within Florida, and never has engaged in such activities. Smith

has introduced no evidence at all, much less evidence that rebuts Hildebrandt's testimony. Hildebrandt's motion must be granted on the undisputed facts.

Smith fares no better on the law than he does on the facts. He does not address the substantial precedent cited in the Hildebrandt moving papers. Instead, he seeks to rely upon two inapposite state court cases from the 1980s, neither of which address the general jurisdiction requirements of §48.193(2), and both of which extended jurisdiction to defendants who, unlike Hildebrandt, actually manufactured physical products and continuously sold them for distribution within Florida. Moreover, to the extent these cases hold that the mere foreseeability that the defendant's products (or products incorporating defendant's products) would be distributed within Florida is sufficient to extend personal jurisdiction (as Smith argues), such a holding has been overruled by the United States Supreme Court. *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 112 (1987) (exercise of jurisdiction over foreign defendant would violate Due Process Clause, even if defendant knew its product would be sold within the forum State, because defendant did not take any action specifically directed at forum State as indicated by facts that defendant did not, *inter alia*, "create, control or employ" the entity or system that distributed the products within the forum State).

### a) Hildebrandt Is Not Engaged in Substantial and Continuous Activity Within Florida

Hildebrandt's sworn testimony conclusively establishes that he has engaged in, at most, only isolated and sporadic conduct within the State of Florida, none of which is related to the claims in this case. With respect to the TSO merchandise at issue in this action, he merely created and licensed certain artwork (commissioned by TSO, a company headquartered in New York) on three specific occasions, the last of which was in 2005, to TSO. Hildebrandt had no ongoing involvement whatsoever in TSO's later uses of the artwork in connection with any TSO

3

merchandise. Smith does not, and cannot, dispute these dispositive facts. The only "factual" argument contained in Smith's opposition is counsel's assertion that even though Hildebrandt was not in any way involved with the design, manufacture, distribution or sale of the TSO merchandise featuring his artwork, he was somehow nonetheless "responsible" for those acts by others merely because he created artwork that third parties independently incorporated into the TSO merchandise. (Opp. Mem. at 3). This argument is nonsensical, and Smith does not cite a single case in which general jurisdiction was founded on such facts.

Indeed, similar arguments have been rejected as the basis for personal jurisdiction by the Eleventh Circuit and other federal courts. *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990) (rejecting argument that general jurisdiction could be based upon record company's distribution of record albums within Florida featuring defendant's music or defendant's occasional concert performances in Florida); *Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F.Supp.2d 653, 664 (M.D. Tenn. 2002) ("without a showing of any additional conduct directed towards the state, mere generalized exploitation of a copyright in the stream of commerce does not amount to purposeful availment. To find otherwise would mean that a copyright infringement defendant would be subject to personal jurisdiction in any forum in which a copy of the allegedly infringing work was ultimately sold by others without the defendant taking any further acts directed at the forum. Such a broad rule would amount to a judicial rewriting of the Copyright Act to provide for nationwide service of process."); *Intersong-USA Inc. v. CBS Inc.*, Civ. No. 84-0998, 1990 WL 131191 at *3 (S.D.N.Y. Aug. 30, 1990) ("While plaintiffs have shown that CBS Records markets in the U.S. recordings of the affiliates, the matrix agreements indicate that this is a mere licensing arrangement, through which the affiliates obtain royalties. There is no suggestion, nor could there be, that the foreign affiliates exert any type of control

over CBS Records, thus making CBS Records their agent in the U.S. ... The Court does not find that CBS conducts any activities in New York on behalf of the affiliates, and finds that the relationship between CBS and its affiliates is that of licensor-licensee. The Court finds that the affiliates operate as separate and distinct entities from CBS Records, and therefore are not subject to the jurisdiction of this Court.").

### b) The Cases Cited by Smith Are Inapposite

Smith cites only two cases in support of his argument, neither of which is applicable to this case. (Opp. Mem. at 4). As a preliminary matter, neither case construes the general personal jurisdiction provision of Fla. Stat. §48.193(2), which is the only jurisdictional ground argued by Smith. *Ford Motor Co. v. Atwood Vacuum Mach. Co.*, 392 So.2d 1305, 1307-08 (Fla. 1981) (analyzing specific jurisdiction provision of Fla. Stat. §48.193(1)(f)(2)); *Louis Winer Co. v. San Francisco Mercantile Co.*, 501 So.2d 171, 173 (Fla. 4th DCA 1987) (following *Atwood*). Moreover, neither of these cases dealt with copyright licensees (like the applicable cases cited above). Instead, both cases considered jurisdiction over foreign *manufacturers* who continuously and systematically, over a long period of time, sold products to third parties with knowledge that those physical products would be repackaged and sold within Florida. *Atwood*, 392 So.2d at 1311; *Louis Winer*, 501 So.2d at 173-74. In this case, Hildebrandt has not manufactured any product. And unlike the manufacturers in *Atwood* and *Louis Winer*, Hildebrandt only licensed his art to TSO on three occasions, the last of which was years ago.

Finally, to the extent these state court cases are construed to support Smith's argument that the mere forseeability that TSO would distribute its products within Florida was sufficient to render Hildebrandt subject to general personal jurisdiction, they are flatly inconsistent with, and overruled by, the United States Supreme Court's decision in *Asahi*. In that case, the Supreme

Court held, even with respect to an actual manufacturer (as opposed to a mere licensee) that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112.

Dated: August 3, 2009

                                        Respectfully submitted,

                                        THOMAS, LOCICERO & BRALOW PL

                                        /s/ James J. McGuire
                                        Carol Jean LoCicero
                                            Florida Bar No. 0603030
                                        James J. McGuire
                                            Florida Bar No. 0187798
                                        400 N. Ashley Drive, Suite 1100
                                        Tampa, FL  33602
                                        Tel: (813) 984-3060
                                        Fax: (813) 984-3070
                                        colocicero@tlolawfirm.com
                                        jmcguire@tlolawfirm.com

                                        and

        Paul M. Fakler
         New York Bar No. 2940435
        Ross J. Charap
         New York Bar No. 1117381
        MOSES & SINGER LLP
        The Chrysler Building, 405 Lexington Avenue
        New York, NY 10174-1299
        Telephone: (212) 554-7800
        Facsimile: (212) 554-7700
        pfakler@mosessinger.com
        rcharap@mosessinger.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing is being electronically filed and will be furnished via CM/ECF on this 3rd day of August, 2009, to:

Noel P. McDonnell, Esq.
Florida Bar No. 0899232
MCFARLANE FERGUSON & MCMULLEN
P.O. Box 1531
Tampa, FL 33601
Telephone (813) 273-4330
Facsimile (813) 273-4396
Email: NPM@macfar.com

Attorney for Plaintiff

        /s/ James J. McGuire
        Attorney