```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

GARY SMITH d/b/a ART
ATTACK STUDIOS,

      Plaintiff,
vs.                              Case No.: 8:09-cv-1013-T-33EAJ

TRANS-SIBERIAN ORCHESTRA, PAUL
O'NEILL, and SPIDERWEBART GALLERY,

      Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Spiderwebart Gallery, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. # 79), which was filed on October 18, 2010. Plaintiff Gary Smith filed a Response in Opposition to the Motion to Dismiss (Doc. # 83) on November 8, 2010. Thereafter, on November 17, 2010, Spiderwebart filed a Reply Memorandum (Doc. # 88). Various declarations are also before the Court (Doc. # 80, 84, 85, 89, and 90). For the reasons that follow, the Court denies the motion to dismiss.

## I. Background

Smith, a Florida-based artist, asserts he entered into an agreement with Paul O'Neill (the owner of the Trans-Siberian Orchestra "TSO") to create artwork known as Rose Guitar for a single TSO album cover. (Doc. # 68 at ¶ 11-13). Smith did not relinquish the rights to further use of Rose Guitar, nor did Smith enter into any agreements allowing others to use the

image of Rose Guitar without his permission. (Id. at ¶ 14). Smith registered Rose Guitar with the United States Copyright Office. (Id. at ¶ 15).

On June 1, 2009, Smith filed a complaint alleging that Greg Hildebrandt, the owner of Spiderwebart Art Gallery, Inc., and TSO infringed upon Smith's copyright of the Rose Guitar image. (Doc. # 1). This Court dismissed Hildebrandt from the case with prejudice for lack of personal jurisdiction. (Doc. # 32). On April 1, 2010, Smith filed a motion to amend the complaint to join Spiderwebart as a defendant. (Doc. # 34). This Court granted the motion to join Spiderwebart on July 26, 2010. (Doc. # 62).

In the amended complaint, Smith alleges that Spiderwebart is "responsible for the design, manufacture, sale, marketing, and distribution" of the products containing the infringing Rose Guitar image. (Doc. # 68 at ¶ 33). The amended complaint contains seven counts, each asserted against all Defendants as follows: (1) copyright infringement, (2) contributory copyright infringement, (3) vicarious copyright infringement, (4) deceptive and unfair trade practices, (5) common law unfair competition, (6) violation of the Visual Artists Rights Act of 1990, and (7) unjust enrichment. (Doc. # 68). Spiderwebart contends that this Court lacks personal jurisdiction and seeks to be dismissed from this action

asserting that Spiderwebart does not have sufficient minimum contacts with Florida and that Smith failed to satisfy his burden of refuting Spiderwebart's jurisdictional challenges. (Doc. # 79).

**II. Legal Standard**

A court must dismiss an action against a defendant over which it has no personal jurisdiction. Smith v. Trans-Siberian Orchestra, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010)(citing Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)). Whether the court has personal jurisdiction over a defendant is governed by a two-part analysis. Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F.2d 829, 855 (11th Cir. 1990).

First, the court must determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). Second, once the court has determined that the long-arm statute is satisfied, the court must determine whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice. Sculptchair, Inc. v. Century Arts, 94 F.3d 623, 626 (11th Cir. 1996)(quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

### A. Burden-Shifting

Smith alleges that this Court has specific jurisdiction over Spiderwebart pursuant to Florida Statute § 48.193(1) "because the causes of action against [Spiderwebart] arise out of tortious acts committed in Florida; (b) [Spiderwebart] transacted business within this District through the sale or exchange of infringing products in this District; (c) [Spiderwebart] caused injury to property located within the District, where [it] should reasonably have expected [its] acts to have consequences, and [has] derived, or will derive, substantial revenue from interstate or international commerce." (Doc. # 68 at ¶ 4). Furthermore, Smith alleges Spiderwebart "transacted business within the District via the exchange of information between [Spiderwebart] and website users located in the District." (Id.)

Spiderwebart, on the other hand, maintains that this Court lacks personal jurisdiction over it, and Spiderwebart supports that contention with declarations challenging personal jurisdiction. (Doc. # 80, 90). Accordingly, a burden-shifting scheme applies in a case such as this one. As stated in Walt Disney Co. v. Nelson, 677 So. 2d 400 (Fla. 5th DCA 1996):

> The burden of demonstrating the applicability of § 48.193 may initially be met by pleading facts within a jurisdictional basis contained in the

> statute. If the plaintiff has pled a prima facie case for jurisdiction, a simple motion to dismiss for lack of jurisdiction must fail, as a motion to dismiss without more, challenges only the facial sufficiency of the jurisdictional pleading. If, however, the defendant supplements the motion with an affidavit contesting jurisdiction, then the burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis.

Id. at 402 (internal citations omitted); see also Future Tech. Today, Inc., 218 F.3d at 1249.

In the amended complaint, Smith established a prima facie case for personal jurisdiction over Spiderwebart. The defendant may challenge the plaintiff's claims "by affidavits or *other pleadings*." Structural Panels, Inc. v. Tex. Aluminum Indus., Inc., 814 F. Supp. 1058, 1064 (M.D. Fla. 1993) (emphasis added). Spiderwebart refuted the jurisdictional allegations through the declarations of its curator, Jean Scrocco. (Doc. # 80, 90). In response, Smith supplied declarations and exhibits from Ashley Taylor, an attorney, asserting that the Rose Guitar image continues to be displayed on Spiderwebart's website. (Doc. # 84-85).

### B. The Scrocco Declarations

Jean Scrocco states in her declarations that she is the Curator of Spiderwebart and has managed its business operations since the company was formed. (Doc. # 80 at ¶ 1-2). She is also responsible for overseeing the operation of

Spiderwebart's website. (Id. at ¶ 4). Scrocco affirms that Spiderwebart is a New Jersey corporation with "its principal and only place of business" in New Jersey. (Id. at ¶ 5). Spiderwebart's business is selling artwork and collectibles containing existing artwork. (Id. at ¶ 9).

Scrocco asserts that between 1995 and 2008, Spiderwebart has sold items to Florida "at a rate of approximately 16 orders per year," none of which contained an image resembling the Rose Guitar. (Id. at ¶ 12). Scrocco indicates Spiderwebart has no offices in Florida, no bank accounts in Florida, has not previously been involved in a lawsuit in Florida, does not have any investment in a Florida business or Florida real estate, nor is it licensed to do business in Florida. (Id. at ¶ 15-21). Furthermore, Spiderwebart has no inventory or warehouses in Florida, no employees or agents in Florida, and has only physically been in Florida for one art exhibit in 2009, which did not include any items featuring the Rose Guitar image. (Id. at ¶ 23-25).

### C. **Smith's Response**

Smith filed a response to Spiderwebart's motion to dismiss. (Doc. # 83). He contends that Scrocco's declarations fail to dispute the allegations relied upon by this Court when it allowed Smith to amend his complaint to join Spiderwebart as a defendant. (Doc. # 62). Furthermore, Smith submitted

declarations and exhibits containing pictures, which appear to demonstrate that Spiderwebart's website still displays images similar to Rose Guitar. (Doc. # 84-85).

### III. Analysis

On a motion to dismiss for lack of jurisdiction, a defendant must state sworn facts, which, "if taken as true, show that the defendant's conduct does not make him or her amendable to service." Acquardro v. Bergeron, 851 So. 2d 665, 672 (Fla. 2003). Scrocco's declarations did not meet this burden. None of the Court's findings in the Order granting the motion to amend the complaint to join Spiderwebart (Doc. # 62) are compromised by the facts stated in Scrocco's declarations. Furthermore, even if Scrocco's declarations shifted the burden back to Smith, Smith has amply met his burden through the declarations of Ashley Taylor and the exhibits depicting an image resembling Rose Guitar for sale on Spiderwebart's website.

#### A. Florida's Long-Arm Statute

Florida's long-arm statute allows for specific personal jurisdiction over defendants in a number of situations. Fla. Stat. § 48.193(1). This Court focuses its analysis on the tortious act provision of Florida's long-arm statute, which reads:

-7-

> (1) Any person . . . who . . . does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> . . . .
>
> (b) Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(b).

Copyright infringement is widely recognized as a tortious act within the context of 48.193(1)(b). Bangor Punta Operations v. Universal Marine Co., 543 F.2d 1107, 1109 (11th Cir. 1976); see also Cable/Home Commc'ns, 902 F.2d at 854 (finding the tortious act provision of the Florida long-arm statute applicable when the defendant allegedly violated copyright and communications laws). Therefore, the only question for purposes of applying Section 48.193(1)(b) is whether Spiderwebart's alleged copyright infringement occurred "within this state."

A nonresident defendant may commit a tortious act within the State of Florida by electronic, written, or telephonic communication so long as the cause of action arises from such communication. Whitney Info. Network, Inc. v. Xcentric Ventures, 347 F. Supp. 2d 1242, 1244-1245 (M.D. Fla. 2004) (citing Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002) and the connexity requirement of Fla. Stat. § 48.193). Courts have addressed tortious acts committed through websites in

several different ways: they are not "electronic communications" in the traditional sense. <u>Internet Solutions Corp. v. Marshall</u>, 39 So. 3d 1201, 1210 (Fla. 2010).

A variety of tests have been used to determine whether website activity may constitute an electronic communication into Florida. Under the accessibility test, a website comprises an electronic communication into Florida if it is accessible, in contrast to being actually accessed, by Florida residents. <u>See</u> <u>Licciardello v. Lovelady</u>, 544 F.3d 1280, 1282-1284 (11th Cir. 2008)(finding that a music manager's website infringing on a singer's copyright, through use of the singer's name and picture without permission, caused tortious injury in Florida because the website was accessible by Florida residents). Recently, the Eleventh Circuit has narrowed the requirements for constituting an electronic communication into Florida. <u>See</u> <u>Internet Solutions Corp. v. Marshall</u>, 611 F.3d 1368 (11th Cir. 2010)(finding that internet postings that are both accessible and actually accessed in Florida constitute an electronic communication into Florida).

The Court determines that Spiderwebart's website satisfies the requirements of the long-arm statute under the former accessibility test and the more narrow test enunciated in <u>Internet Solutions</u>. In her declarations, Ashley Taylor, a Florida attorney, affirms that the website is accessible to

Florida residents and that she accessed the Spiderwebart website from Florida on January 8, 2010, November 4, 2010, and November 8, 2010, and she viewed items depicting the Rose Guitar image for sale. (Doc. # 84-85). Smith's allegations that Spiderwebart's website is accessible and has been accessed by Florida residents are not refuted by Scrocco's declarations and, therefore, survive the motion to dismiss. Thus, the Court determines that the facts alleged by Smith satisfy Florida's long-arm statute.[1]

## B. **Due Process**

### 1. **Minimum Contacts**

In the second step of the jurisdictional analysis, a court must decide whether exercising jurisdiction would violate due process. Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007). In the Order granting Smith's motion to amend the complaint to join Spiderwebart, this Court determined minimum contacts exist between Spiderwebart and Florida. (Doc. # 62). Scrocco's declarations do not change this determination. Smith's claims against Spiderwebart involve an intentional tort because intellectual property

---

[1] Because the Court determines that Florida's long-arm statute is satisfied by the allegation that Spiderwebart committed a tortious act in Florida, the Court declines to analyze the other bases for specific jurisdiction posited by Smith.

infringement constitutes an intentional tort if it is undertaken with the purpose of making money. Licciardello, 544 F.3d at 1287-1288.

When dealing with intentional torts, the effects test is used in cases of specific jurisdiction. Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1221 n.28 (11th Cir. 2009)(citing Calder v. Jones, 465 U.S. 783, 788-789 (1984)). The effects test requires that a defendant must have "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." Id.

Spiderwebart's alleged copyright infringement was intentional because it purportedly offered the Rose Guitar image for sale on its website. Furthermore, Spiderwebart allegedly misappropriated a copyrighted image owned by Smith maliciously or in reckless disregard of Smith's rights. (Doc. # 68 at ¶ 76). Smith contends, and Scrocco's declarations do not controvert, that Spiderwebart continues to engage in the alleged infringement. (Id. at ¶ 31). Finally, Spiderwebart's alleged copyright infringement meets the third requirement because the use of the Rose Guitar image within Florida caused an injury that Spiderwebart should have reasonably anticipated: It harmed Smith's rights by depriving him of the opportunity to profit from his copyrighted art. (Id. at ¶ 76).

Because the pertinent allegations are uncontroverted by Scrocco's declarations, this Court holds that Spiderwebart's contacts are sufficient to satisfy the minimum contacts requirement of the due process inquiry. (Doc. # 62).

### 2. **Fair Play and Substantial Justice**

Minimum requirements of "fair play and substantial justice" may defeat the reasonableness of asserting personal jurisdiction even if the defendant's contacts are constitutionally sufficient to satisfy minimum contacts. Madara v. Hall, 916 F.2d 1510, 1517 (11th Cir. 1990). Conversely, these considerations may serve to establish the reasonableness of asserting personal jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. Id.

The assertions contained in Scrocco's declarations do not controvert the facts that this Court previously relied upon in finding that personal jurisdiction over Spiderwebart comports with considerations of fair play and substantial justice. Although the burden on Spiderwebart associated with litigating in Florida would be great given its office and employees are located in New Jersey, the burden is outweighed by Smith's significant interest in acquiring relief from the alleged copyright infringement. The State of Florida also has a strong interest in exercising jurisdiction over those who

commit intentional torts causing injury to its residents. See Licciardello, 544 F.3d at 1286. Thus, this Court finds that the exercise of personal jurisdiction over Spiderwebart comports with considerations of fair play and substantial justice.

### IV. Conclusion

This Court finds that the exercise of personal jurisdiction is proper in this case, and denies Spiderwebart's motion to dismiss.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Spiderwebart's Motion to Dismiss for lack of Personal Jurisdiction (Doc. # 79) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of March 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

-13-